UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DUSTIN HANSOME CLARK, | Case No. 6:24-cv-01846-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| RAYMOND GARGALICANA; and STATE OF OREGON, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Plaintiff Dustin Hansome Clark, an inmate at the Oregon State Correctional Institution brings this civil rights action against Defendants Raymond Gargalicana and the State of Oregon, alleging violations of his First and Eighth Amendment rights. Before the Court is Defendants' Motion for Protective Order. ECF No. 15. For the reasons below, Defendants' motion is denied.

## STANDARD

While parties are generally entitled to broad discovery under Federal Rule of Civil Procedure Rule 26(b)(1), protective orders under Rule 26(c) represent an important

"counterbalance" to that generous discovery policy. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). A party seeking a protective order must establish "good cause." Fed. R. Civ. P. 26(c)(l); *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1867 (2012).

## DISCUSSION

The District of Oregon has established two forms of protective orders by Local Rule. *See* LR 26-4; Model Two-Tier Protective Order & Model Single Tier Protective Order, available at https://ord.uscourts.gov/index.php/filing-and-forms/forms/civil-forms. The rule provides a link to the forms of model protective order, and also provides that "Parties may amend or supplement the form order as necessary to meet the specific needs of their case." LR 26-4. Defendants here have proposed a protective order that is largely similar to the Model Two-Tier Protective Order, but with three specific alterations which Plaintiff opposes.[1]

### I.    Paragraph 2

Defendants' proposed protective order adds the following language (in bold) to the language in paragraph 2 of the Court's standard protective order:

> This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation, **nor modify or restrict the obligations of the Oregon Department of Justice to carry out its law enforcement obligations pursuant to ORS Chapter 180.**

Hallman Decl. Ex. 1 ("Defs.' Proposed Order") ¶ 2, ECF No. 16. Defendants contend that this provision is necessary to make clear that the State does not waive its statutory obligations. Defendants contend that the language "does not increase, decrease, or in any way alter DOJ's

---

[1] There are other differences between the Model Two-Tier Protective Order and Defendants' proposed order. However, the Court confines its analysis here to Plaintiff's objections. To the extent that the parties agree to the additional modifications, the Court has reviewed them and sees no reason to stand in the way of the parties' agreements to other minor modifications.

Page 2 — OPINION AND ORDER

obligations under ORS Chapter 180." Defs.' Mot. 3. Plaintiff opposes this addition to the Court's standard protective order, arguing that it is "overbroad, vague, and unnecessary." Pl.'s Resp. 3, ECF No. 17.

The Court finds that Defendants have failed to establish good cause for their proposed language. Specifically, the Court agrees with Plaintiff that the provision is vague and unnecessary. To the extent that Defendants argue that it does not change the status quo and merely functions as "notice," it is unnecessary. But based on the vague proposed language, it is unclear to the Court whether the language may in fact change the status quo. In particular, Defendants' proposed language is ambiguous as to whether it changes the ordinary requirement that parties must seek Court authorization to disclose otherwise protected information. If so, then the State would have broad discretion to decide whether any information is necessary to disclose based on its own interpretation of its law enforcement obligations, without any oversight by the Court. Such an outcome would be deeply chilling both to Plaintiff's participation in discovery in this case and future plaintiffs' willingness to assert their rights and bring action against the State.

In sum, either the provision is unnecessary, or it is so vague that it results in uncertainty over whether the State may disclose otherwise confidential information without Court or party approval as would ordinarily be required. For these reasons, the Court will not enter a protective order including Defendants' proposed language. If the State believes that it must use or reveal discovery that would be subject to a protective order based on its law enforcement obligations, then it must seek stipulation of counsel or authorization by the Court. *See* Model Two-Tier Protective Order ¶ 7.

II.     Paragraph 14

Defendants also seek to include a non-reciprocal file retention policy. Under the Court's Model Two-Tier Protective Order, counsel for both parties would be entitled to retain an archival file. *See* Model Two-Tier Protective Order ¶ 14. Under the provision as modified, Plaintiff would be subject to a one-sided obligation to return or destroy any information or documents subject to the protective order, and only Defendants would be permitted to retain an archival copy of case documents. Defs.' Proposed Order ¶ 14. Defendants argue that they are "not regular litigants and have duties to protect information and documents beyond the average litigant." Defs.' Mot. 4. Plaintiff opposes the modified provision because it infringes on counsel's ability to follow Professional Liability Fund guidance and the Oregon Rules of Professional Conduct.

The Court finds that Defendants fail to provide sufficient justification to authorize a non-reciprocal file retention policy. As Plaintiff points out, the Professional Liability Fund recommends that lawyers maintain closed files for "at least ten years." Professional Liability Fund, File Retention and Destruction Guidelines, revised May 2025 (available at https://assets.osbplf.org/forms/practice_forms/File%20Retention%20and%20Destruction%20Guidelines.pdf). While the Court recognizes that this is only "guidance," Plaintiff's counsel certainly has the right to follow that guidance, and to access an archival file without first seeking permission from Defendants. The parties would remain subject to all outstanding protective orders while the files remain archived.

Defendants' proffered reason for the non-reciprocal provision—which relies on their own obligations to protect confidential information in their possession—lacks any logical nexus to Plaintiff's ability to retain the same files. Accordingly, the Court will not adopt Defendants' proposed alteration to the model order.

**III.      Paragraph 19**

Finally, Defendants add a new paragraph to the Model Two-Tier Protective Order:

> A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

Defs.' Proposed Order ¶ 19. Defendants' motion provides no explanation for why this addition is necessary, and Plaintiff opposes its inclusion because it "redefine[s] privilege law" and "eliminates any meaningful waiver doctrine." Pl.'s Resp. 7.

The Court will not include this provision in the protective order. Privilege and waiver are well defined under the case law and this Court will not enter an order disturbing that law, particularly in the absence of any explanation from Defendants why this provision is necessary in this case.

## CONCLUSION

For the reasons above, Defendants' Motion to Protective Order (ECF No. 15) is DENIED. Within 14 days of the date of this order, the parties are ordered to: (1) confer and agree on a stipulated protective order that is substantially similar to the Court's Model Two-Tier Protective Order, and which omits the modifications discussed in this opinion; and (2) jointly submit a Rule 26(f) report which includes, at minimum, proposed dates for close of fact discovery, dispositive motions, and joint ADR report and pretrial order. The parties are advised that the Court typically expects discovery to be complete within 120 days of the scheduling

order, with dispositive motions due 150 days from the scheduling order. Should the parties propose a different timeline, the parties' report must explain with sufficient detail why additional time is needed in their case.

DATED this 29th day of May 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

Page 6 — OPINION AND ORDER